1
2
3
4
5
6                 UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
7                          AT TACOMA

8   MICHAEL O.,

                              Plaintiff,          Case No. C20-6161 RSM
9
            v.                                    **ORDER AFFIRMING DENIAL OF**
10                                                **BENEFITS**
    COMMISSIONER OF SOCIAL SECURITY,
11
                              Defendant.
12

13          Plaintiff seeks review of the denial of his application for Disability Insurance Benefits.

14  Plaintiff contends the ALJ erred (1) by failing to consider disability ratings from the Department

15  of Veterans Affairs ("VA"); (2) by failing to give Plaintiff a report from Jonathan Allison,

16  Psy.D.; (3) because an unqualified medical expert assessed Plaintiff's claim at the initial

17  determination stage; (4) by failing to account for the impact of Plaintiff's obesity on his left foot

18  degenerative joint disease, gout, and sleep apnea; and (5) by refusing to reopen Plaintiff's prior

19  disability claims.  Pl. Op. Br. (Dkt. 11), p. 2.  Plaintiff argues this matter should be remanded for

20  further administrative proceedings.  *Id.*  As discussed below, the Court **AFFIRMS** the

21  Commissioner's final decision and **DISMISSES** the case with prejudice.

22                              **BACKGROUND**

23          Plaintiff is 55 years old, has at least a high school education, and has worked as a janitor.

Admin. Record ("AR") (Dkt. 8) 26, 89.  On April 3, 2018, Plaintiff applied for benefits, alleging

disability as of August 1, 2011.  AR 17, 220–21.  Plaintiff's application was denied initially and

on reconsideration.  AR 88–106.  ALJ Allen Erickson conducted a hearing on November 19,

2019, after which he issued a decision finding Plaintiff not disabled.  AR 17–28, 34–87.  In

relevant part, the ALJ found Plaintiff had severe impairments of posttraumatic stress disorder

("PTSD"), depressive disorder, and bilateral hearing loss with tinnitus.  AR 20.  The ALJ found

Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all

exertional levels, with several non-exertional limitations.  AR 23.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

Commissioner's final decision.  AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for

evaluating evidence, resolving conflicts in medical testimony, and resolving any other

ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although

the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.

2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."

*Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

*///*

### A.    VA Disability Rating

Plaintiff argues the ALJ erred by failing to address disability ratings from the VA.  Pl.

Op. Br., p. 6.  The record indicates Plaintiff had service-connected disability ratings of 70% for

PTSD, and 10% for tinnitus.  AR 493–94, 1071, 1253.

Under the Commissioner's old regulations, an ALJ was required to consider the VA's

disability rating, and should "'ordinarily give great weight to a VA determination of disability.'"

*Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) (quoting *McLeod v. Astrue*, 640 F.3d 881,

886 (9th Cir. 2011)).  The ALJ could "give less weight to a VA rating 'if [the ALJ gave]

persuasive, specific, valid reasons for doing so that [were] supported by the record.'"  *Luther*,

891 at 876–77 (quoting *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir.

2009)).

The Commissioner's new regulations eliminate the requirement that the ALJ discuss a

VA rating.  Under 20 C.F.R. § 404.1504, for claims filed on or after March 27, 2017, the

Commissioner "will not provide any analysis in [his] determination or decision about a decision

made by any other governmental agency or nongovernmental entity about whether [the claimant

is] disabled, blind, employable, or entitled to any benefits."  The ALJ must still "consider all of

the supporting evidence underlying the other governmental agency or nongovernmental entity's

decision" received as part of the Social Security disability claim.  *Id.*

Plaintiff has failed to show harmful error.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054

(9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)).  All of the medical

records in this case came from providers associated with the VA.  *See* AR 349–1428.  The ALJ

discussed these records throughout his decision.  *See* AR 20–26.  Plaintiff has not pointed to any

other evidence from the VA that the ALJ failed to consider.  The ALJ thus satisfied his

obligations under the new regulations, and Plaintiff has failed to show harmful error. *See Mitchell A. v. Comm'r of Soc. Sec.*, No. C20-5338 RSM, 2021 WL 37571, at *5 (W.D. Wash. Jan. 5, 2021); *Liner v. Comm'r of Soc. Sec.*, No. C19-1892-MLP, 2020 WL 2219316, at *4–5 (W.D. Wash. May 7, 2020).

## B. Dr. Allison's Report

Plaintiff argues the ALJ violated his due process rights or failed to fully develop the record because the ALJ failed to provide Plaintiff a report from examining psychologist Dr. Allison. Pl Op. Br., pp. 6–8. The record indicates Plaintiff was examined by Dr. Allison on May 17, 2013. AR 91, 101, 111, 115. The initial and reconsideration determinations note Dr. Allison's examination was "determined to be invalid due to [Plaintiff's] behavior."[1] AR 92. Dr. Allison's report was not included in the record, nor did the ALJ mention it in his decision. *See* AR 17–28.

Plaintiff has failed to show a prejudicial due process violation. *See Ludwig*, 681 F.3d at 1055. The ALJ did not rely on Dr. Allison's opinions to decide Plaintiff's claims. And Plaintiff has not shown how the failure to include a report that was deemed invalid in the administrative record affected the ultimate nondisability determination.

Plaintiff has also failed to show the ALJ erred by not fully developing the record. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144,

---

[1] A later note in the initial and reconsideration determinations states that a mental consultative examination from April 29, 2013 was "deemed invalid due to poor cooperation by [Plaintiff], and [Plaintiff] failed to bring/wear hearing aids which he normally wears daily." AR 93, 103. The record does not identify consultative examiners other than Dr. Allison, but the record also does not tie this observation to Dr. Allison's examination, which occurred on May 17, 2013. Whether this relates to Dr. Allison's examination is inconsequential to the outcome here.

1150 (9th Cir. 2001)). The ALJ had nearly 1000 pages of medical records to review regarding Plaintiff's claims. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (holding ALJ had no duty to further develop the record when the ALJ had "years of Ford's mental health records and multiple opinions from non-examining psychiatrists to inform her decision"). A single doctor's evaluation that the record indicates was "invalid" due to Plaintiff's poor cooperation does not establish an ambiguity requiring further development of the record. The ALJ therefore did not harmfully err in failing to include Dr. Allison's report in the record.

### C. Unqualified Medical Expert

Plaintiff argues the ALJ erred because one of the doctors who reviewed Plaintiff's claim during the initial review stage was unqualified. Pl. Op. Br., pp. 8–10. John F. Robinson, Ph.D. evaluated Plaintiff's claims at the initial review stage. *See* AR 93–94. Dr. Robinson opined Plaintiff did not have any severe mental impairments because there was "insufficient evidence to substantiate the presence of [a] disorder." AR 93.

The ALJ rejected Dr. Robinson's opinions. AR 25. The ALJ reasoned Dr. Robinson's findings were "not consistent with the objective evidence from other sources," which the ALJ found showed Plaintiff had severe impairments of PTSD and depressive disorder. *Id.*

In September 2020, after the ALJ's decision, the Social Security Administration ("SSA") noted that "[t]he claim file includes a determination signed by an individual who did not meet the qualifications of a psychological consultant because the individual had a restricted license when he or she signed the determination." AR 348. The Appeals Council noted in its decision denying review, "We also considered issues relating to an initial determination signed by John F. Robinson, Ph.D., and found that based on the specific facts of this case, there is no basis for granting review." AR 1.

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). The ALJ rejected Dr. Robinson's opinions, so the RFC would have been the same had these opinions not been in the record. *See* AR 25. Moreover, Mary Koehler, M.D., whose qualification Plaintiff does not challenge, reviewed the same evidence as Dr. Robinson and reached the same conclusions. *See* AR 102–03. The inclusion of Dr. Robinson's opinions in the record was inconsequential to the ultimate nondisability determination here, and therefore harmless. *See Molina*, 674 F.3d at 1115.

**D.    Obesity and Non-Severe Impairments**

Plaintiff argues the ALJ erred by failing to properly consider Plaintiff's non-severe impairment of obesity in combination with other non-severe impairments of left foot degenerative joint disease or gout, and sleep apnea. Pl. Op. Br., pp. 13–19. As an initial matter, the parties dispute whether Social Security Ruling ("SSR") 19-2p, 2019 WL 2374244 (May 20, 2019), or its predecessor, SSR 02-1p, 2002 WL 34686281 (Sept, 12, 2002), applies. SSR 19-2p rescinds SSR 02-1p, and applies to, among other things, "claims that are pending on or after the applicable date [May 20, 2019]." *Id.* at *5 n.14. Plaintiff's claims were pending on May 20, 2019, because he filed his application on April 3, 2018, and the ALJ did not issue his decision until January 3, 2020. *See* AR 17, 28, 220–21. SSR 19-2p thus applies to Plaintiff's claims.

Under SSR 19-2p, the SSA "evaluate[s] each case based on the information in the case record," and "will not make general assumptions about the severity or functional effects of obesity combined with another impairment(s)." *Id.* at *4. "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch*, 400 F.3d at 682 (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)).

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing

*Shinseki*, 556 U.S. at 407–09). Plaintiff did not allege obesity, foot pain, or sleep apnea as

impairments in his application. *See* AR 90. Plaintiff did not testify that obesity, foot pain, or

sleep apnea prevented him from working. *See* AR 48, 69, 265. And Plaintiff has not cited any

evidence from prior to the date last insured that could be interpreted to show obesity made

Plaintiff's foot pain or sleep apnea worse. The ALJ noted Plaintiff had foot pain, but reasonably

interpreted the record to find it improved with podiatric treatment. *See* AR 21, 649, 659. The

ALJ similarly noted Plaintiff had sleep apnea, but there was no evidence that Plaintiff's obesity

made it worse. *See* AR 578–79. Plaintiff has failed to identify any evidence undermining the

ALJ's findings, and has thus failed to show the ALJ's decision was not supported by substantial

evidence. The ALJ therefore did not err.

### E. Reopening Prior Claims

Plaintiff argues the ALJ erred by refusing to reopen his prior claims for disability

insurance benefits. Pl. Op. Br., pp. 10–13. Regardless of whether the ALJ erred in reopening

these claims, the ALJ did not err in denying Plaintiff's claims for benefits, as explained above.

Plaintiff has thus failed to show the ALJ harmfully erred by refusing to reopen his prior claims.

*See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

case is **DISMISSED** with prejudice.

DATED this 6th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE